**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Clark Conforti, Esq. (317698)
clark@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART, APC**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

*Attorneys for Plaintiff,*
Adrian Chavez

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADRIAN CHAVEZ,** Individually and On Behalf of All Others Similarly Situated**,**<br><br>Plaintiff,<br><br>v.<br><br>**BORROWERSFIRST, INC.,** a Delaware Corporation,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**   '18CV0270 BEN WVG<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**[JURY TRIAL DEMANDED]** |

## INTRODUCTION

1. Plaintiff ADRIAN CHAVEZ ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of BORROWERSFIRST, INC. (hereinafter "Defendant") in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12;

///

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 734 (N.D. Ill. 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending her the text message).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law 47 U.S.C. §227(b).

7. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of San Diego, County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b) does substantial business within this district;

    (c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

(d)   the harm to Plaintiff occurred within this district.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of San Diego, County of San Diego, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is, and at all times mentioned herein was, a Delaware corporation with a principal place of business in Texas, and is a "person," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district, placing unlawful calls to debtors via an automatic dialing system.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. Plaintiff allegedly incurred financial obligations to Defendant and fell behind on payments. Defendant subsequently began contacting Plaintiff to collect on the alleged debt owed by Plaintiff.

12. Thereafter, Defendant began placing autodialed calls to Plaintiff's cellular telephone number ending in "2208" via an automatic dialing system as defined in 47 U.S.C. § 227(a)(1) and leaving messages with a pre-recorded voice as prohibited by 47 U.S.C. § 227(b)(1)(A).

13. Defendant's autodialed calls with pre-recorded messages were placed from various numbers, including but not limited (773) 943-8560, (615)-301-5499, (719)-551-7201, (310) 460-0428, (773) 943-8553.

14. Further, Defendant began sending informal and impersonal text messages that stated "This is a message from BorrowersFirst. Please call us ata 877-236-3005 today. Thank you."

15. The text messages were sent from 719-551-7201 number, and appeared to be autodialed based on lack of any personal information, debtor's name, account number, or other pertinent information.
16. Plaintiff subsequently retained the legal services of Law Office of Daniel G. Shay ("Attorney") because he wished to stop receiving repeated autodialed calls and messages.
17. On September 12, 2017, Attorney sent Defendant a Cease and Desist Letter ("First Cease and Desist Letter") on behalf of Plaintiff, containing TCPA Revocation of Consent language and requesting Defendant cease all further communication with Plaintiff. Attorney sent the First Cease and Desist Letter by US mail and facsimile.
18. From September 13, 2017 to September 30, 2017, Defendant placed autodialed calls with a pre-recorded message or sent texts via its autodialing system to Plaintiff's cellular telephone ending in 2208 at least thirty-five (35) times.
19. On September 14, 2017, Defendant left a pre-recorded voicemail message on Plaintiff's cellular telephone.
20. On September 26, 2017, Attorney sent another Cease and Desist Letter ("Second Cease and Desist Letter") to Defendant by facsimile, this time including Plaintiff's full Social Security Number. Attorney also confirmed with Defendant that the fax number ending in 6410, to which both Cease and Desist Letters were sent, belonged to Defendant.
21. On September 19, 2017 at 8:20 a.m., Defendant sent a text message to Plaintiff that read: "This is a message from BorrowersFirst. Please call us at 877-236-3005 today. Thank you."
22. From, September 19, 2017 to September 28, 2017, Defendant repeatedly sent this identical text message to Plaintiff between 8:15 a.m. and 8:30 a.m.

23. On September 30, 2017, Defendant left another pre-recorded voice message on Plaintiff's cellular telephone.

24. Defendant initiated multiple telephonic communications to Plaintiff's cellular telephone ending in "2208". Plaintiff found these communications excessive, inconvenient, harassing, placed in complete disregard of Plaintiff's privacy and request to cease all of the autodialed communications with Plaintiff.

25. These telephonic communications constituted telephone solicitations, as defined by 47 U.S.C. § 227(a)(4).

26. Defendant's calls and text messages constituted "calls" that was not for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. Defendant's calls and text messages were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

28. Defendant did not have prior express consent to call or send text messages to Plaintiff, as defined by 47 U.S.C. § 227(a)(4).

29. Plaintiff believes that Defendant used an "automatic telephone dialing system" (or "ATDS"), as defined by 47 U.S.C. § 227(a)(1) to repeatedly send automated text messages and phone calls to Plaintiff's cellular telephone number.

30. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

32. Through this action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

33. Plaintiff was personally affected because Plaintiff was frustrated and distressed that Defendant harassed Plaintiff with text messages and calls using an ATDS.
34. Defendant's autodialed telephone calls with pre-recorded messages and autodialed text messages forced Plaintiff and class members to live without the utility of their cellular phones by forcing Plaintiff and class members to silence their cellular phones and/or block incoming numbers.
35. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227 et seq.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").
37. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any text messages or calls from Defendant or their agent(s) and/or employee(s), not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

38. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.
39. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class

members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

40. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

42. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing to any telephone number assigned to a cellular phone service;

   b) Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated);

   c) Whether Defendant's conduct was knowing and/or willful;

    d)    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    e)    Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

43. As a person that received at least one telephonic communication from Defendant's ATDS without prior written express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

44. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

45. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

46. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

47. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

50. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

54. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

55. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class Members pray for judgment as follows:

- Certifying The Class as requested herein;
- Appointing Plaintiff's Counsel as Class Counsel in this matter;
- Providing such further relief as may be just and proper.

In addition, Plaintiff and The Class Members pray for further judgment as follows:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks, for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00

in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

56. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 4, 2018                                    Respectfully submitted,

                                                              **KAZEROUNI LAW GROUP, APC**

By: *s/ Abbas Kazerounian*
      ABBAS KAZEROUNIAN, ESQ.
      AK@KAZLG.COM
      ATTORNEYS FOR PLAINTIFF